# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PAMELA BONDI, et al.,<br><br>　　　　　Respondents. | Case No. 1:26-cv-00431-JLT-SAB-HC<br><br>ORDER RE: MOTION FOR PRELIMINARY INJUNCTION |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On January 20, 2026, Petitioner filed a petition for writ of habeas corpus. (ECF No. 1.) On January 23, 2026, the Court ordered Respondents to file a response to the petition within thirty days (i.e., February 23, 2026). (ECF No. 4.) On February 4, 2026, Petitioner filed a motion for preliminary injunction, which the assigned district judge referred to the undersigned. (ECF Nos. 6, 7.)

Pursuant to Local Rule 230, opposition to the motion for preliminary injunction is due fourteen days after the motion was filed. L.R. 230(b). In this case, an opposition would be due February 18, 2026, five days before the current deadline for the response to the petition. The Court has reviewed the petition for writ of habeas corpus and motion for preliminary injunction. Given that the petition and motion raise the same claims and both seek Petitioner's release from

custody, the current deadline for a response to the petition is only five days after any opposition to the motion for preliminary injunction would be due, and for purposes of judicial efficiency, the Court intends to issue findings and recommendations on the merits of the petition for writ of habeas corpus, with the understanding that the Court will also consider any arguments made and exhibits submitted in support of the motion for preliminary injunction. See Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."); Dzhabrailov v. Decker, No. 20-CV-3118 (PMH), 2020 WL 2731966, at *4 (S.D.N.Y. May 26, 2020) (considering preliminary injunction and merits of habeas petition simultaneously).

The Court will not require Respondents to file a separate response to the motion for preliminary injunction. The current deadlines set forth in the Court's January 23, 2026 scheduling order (ECF No. 4) are still in effect.[1]

IT IS SO ORDERED.

Dated:   **February 5, 2026**

STANLEY A. BOONE
United States Magistrate Judge

---

[1] Petitioner is free to file a reply to Respondents' response before the deadline so as to ripen the petition earlier than the current schedule. Petitioner also may file a notice with the Court that no reply will be filed, and the Court will issue findings and recommendations as soon as practicable.